Case v. Bradburn.

### ALBERT S. CASE v. JOHN BRADBURN.

One who indorses a forged check warrants the genuineness of the check and that of every prior indorser, but to the extent only of binding himself as indorser, and if the proper steps have not been taken to charge him as indorser, he is not liable to a subsequent holder who has given full value for the check.

The defendant received a forged check in the course of business in payment of a debt, which he placed in his bank for collection, and which he indorsed in compliance with the rules of the bank. Upon the presentation of the check to the bank upon which it was drawn payment was refused, and upon its being delivered to the defendant's servant, he returned it to the person from whom the defendant had received it, with the defendant's indorsement upon it, and by the person it was passed to the plaintiff for its full value,— *Held*, as the defendant was ignorant of the alleged forgery, and as the money obtained upon it upon the faith of his indorsement was not received by him, and as no step had been taken to charge him as indorser, that he was not liable.

APPEAL by the plaintiff from a judgment entered at the Trial Term.

The action was brought against the defendant as the second indorser of a check.

It appeared on the trial that one John A. Stewart being indebted to the defendant, for the purpose of paying a debt delivered to the defendant a check upon the Bank of Commerce in New York, purporting to be signed by " Plant Brothers," to the order of one H. Hoag. The check was indorsed " Harvey Hoag, per John Allen Stewart, att'y." The defendant received the check from Stewart, and having indorsed it, offered it for deposit for collection at his own bank. The bank refused to receive it for collection, whereupon the defendant delivered the check to his servant to be by him presented to the Bank of Commerce for payment. The Bank of Commerce refused

Case v. Bradburn.

payment, and the servant then, without authority or command of defendant, returned the check to Stewart from whom defendant had received it, the name of the defendant still remaining indorsed thereon. The check coming into the hands of the plaintiff, suit was brought thereon. It did not appear that any notice of non-payment of the check was ever given to the defendant by the plaintiff.

The action was tried before Judge Hilton without a jury, and judgment was ordered for the defendant, with the following opinion :

Hilton, J.—Upon the facts admitted in the case argued on by the parties, it does not appear that there was any privity of contract between them. Stewart was not the agent of the defendant for any purpose, and the payment of the money to him created a liability on his part to the extent claimed in this suit, but in no way bound or affected the defendant. Had it been shown that the money paid Stewart afterwards came to the defendant's hands, he would undoubtedly be held to have received it *cum onere*, but as it does not appear that he was either directly or indirectly concerned in inducing the plaintiffs to part with their money to Stewart, or in any way participated in the fruits resulting from their misplaced confidence, he cannot be held chargeable with any liability growing out of a transaction with which he was in no way connected. Whether the defendant could, under the circumstances disclosed, have been held upon his contract of indorsement it is unnecessary to consider, as it does not appear that any steps have been taken to charge him with a liability in that character.

Judgment for defendant, with costs.

Appeal was taken from the judgment entered in favor of defendant to the General Term.

*Alexander Spaulding* for appellant.
*John T. Doyle* for respondent.

By the Court.—Daly, F. J.—By putting his name on the check, the defendant incurred no other liability than that of

17

indorser, and his liability was at an end when the holder failed to charge him by demand and notice. If the proper steps had been taken to charge him, it would have been no defence on his part that the indorsement of the name of the payee was a forgery, for, by his contract of indorsement, he engaged or guaranteed that the check would be paid, or, if not, that he would pay it upon due service of notice, according to the usage of the law merchant. He was not so notified, and was accordingly discharged from his contract of indorsement, and from everything incident to it.

He is sought to be charged in the action upon the ground that, by indorsing the check, he warranted to every subsequent holder the genuineness of it and of the prior indorsement; and this he did, to the extent of binding himself as indorser, whether the check was genuine or not, but no further, and the holder, having neglected to charge him as indorser, has released him from that contract, and all that was incident to it.

If the defendant had passed the check to the plaintiffs and received from them the value of it, he would be bound to pay it back to them when it was ascertained that the signature of the payee, indorsed upon it to render it negotiable, was a forgery. But that is not the case. The defendant received the check from Stewart, with the name of the payee indorsed on it, in payment of a debt. After so receiving it he sent it by a servant to the Bank where he kept his account, for deposit and collection, and before doing so, indorsed his name upon it, because the rules of the Bank required that persons depositing checks should write their names across the back as owners. The Bank refused to take it for collection, and the servant then went with it to the Bank upon which it was drawn, where payment being refused, the servant, without direction or authority from the defendant, returned the check to Stewart, by whom it was passed to the plaintiffs.

The plaintiffs having, by their laches, discharged the defendant from his liability as indorser, can, upon this state of facts, have no further claim upon him. Their only remedy is against Stewart, to recover back from him what they gave him for the check.

The judgment should be affirmed.